IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LADATECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-627-SLR |
| | ) |
| ILLUMINA, INC. and SOLEXA, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of January, 2012, having reviewed plaintiff's motion to preclude defendants from relying on certain prior art and defendants' motion to exclude the testimony of Melissa A. Bennis, and having reviewed the papers filed in connection with both pending motions;

IT IS ORDERED that:

1. Plaintiff's motion (D.I. 100) is granted. Although I am not confident that plaintiff should have brought this matter to my attention through a motion practice, nevertheless, it is apparent to me that defendants' attempt to introduce new prior art after the conclusion of expert reports presents a more substantial concern. Specifically, it is defendants' burden to prove invalidity by clear and convincing evidence. If defendants were allowed to search for more prior art based on the rebuttal expert reports of plaintiff, the logic of the scheduling order with its reciprocal exchange of information would be lost, especially in this case, where the '023 patent has gone

through reexamination and where the requirement for a "mixture" of DNA fragments has always been apparent.

2. Defendants' motion (D.I. 102) is denied. In order to demonstrate commercial success in the context of secondary considerations of non-obviousness, an expert must establish a nexus between that commercial success and the patented technology. *See Iron Grip Barbell Co. v. USA Sports, Inc.,* 392 F.3d 1317, 1324 (Fed. Cir. 2004). Although Ms. Bennis does not use the word "nexus" in her expert report, she lays the proper foundation for her analysis pursuant to Fed. R. Evid. 702. First, she assumes (for purposes of this exercise) that the accused products use the amplification method of the '023 patent. (D.I. 103, ex. B at 8) She then goes on to state her understanding of the law, that is,

> that evidence of non-obviousness of a patent can be demonstrated by commercial success **of the invention**. In determining commercial success, I understand there are certain factors that have been acknowledged by the courts as evidence **of the usefulness of the invention and, thus, its commercial success as incorporated in a product**. After reviewing such factors, as described below, I believe the evidence demonstrates that the **accused products and methods have been commercially successful as a result of the claimed features**.

(*Id.* at 9) (emphasis added) Ms. Bennis goes on to discuss the sales of the accused products, as well as the importance of the patented technology, consistent with proper methodology and objective evidence. *See, e.g., J.T. Eaton & Co. v. Atl. Paste & Glue Co.,* 106 F.3d 1563, 1571 (Fed. Cir. 1997) ("When a patentee can demonstrate commercial success, usually shown by significant sales in a relevant market, and that the successful product is the invention disclosed and claimed in the patent, it is presumed that the commercial success is due to the patented invention.").

2

3. As the party offering Ms. Bennis' expert testimony, plaintiff must satisfy its burden under Rule 702 "by a preponderance of proof." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993). Once plaintiff meets that burden, "disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010) (citations omitted). *See also Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000) ("[I]f the marketed product embodies the claimed features, and is coextensive with them, then a nexus is presumed and the burden shifts to the party asserting obviousness to present evidence to rebut the presumed nexus."). I conclude that Ms. Bennis has made out a *prima facie* case of nexus.[1]

_____
United States District Judge

---

[1] In doing so, I reject defendants' argument that it was plaintiff's burden to determine whether defendants' competitors also infringe, as opposed to appropriate fodder for cross examination. I also find that, in the imperfect world of evidence-gathering, Ms. Bennis adequately differentiated between the accused sample prep products and cluster generation products.

3