IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LADATECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 09-627 (SLR) |
| v. | ) |
| | ) |
| ILLUMINA, INC. and SOLEXA, INC., | ) |
| | ) |
| Defendants. | ) |

**LADATECH'S MOTION FOR REARGUMENT OF THE COURT'S
GRANT OF SUMMARY JUDGMENT OF NONINFRINGEMENT
CONCERNING THE USE OF "THIRD-PARTY" SAMPLE PREPARATION KITS**

Pursuant to D.Del. LR 7.1.5, LadaTech, LLC seeks reargument of that portion of the Court's January 24, 2012 Order (D.I. 160, ¶ 3 and D.I. 159, pp. 27-28) granting Illumina's motion for summary judgment of non-infringement concerning the use of third-party sample preparation kits with Illumina's cluster generation products. LadaTech submits that the grant of summary judgment was based on a misunderstanding of its allegations of infringement, which are based on the use of Illumina's *protocols*, and not on the use of any particular *products* in performing those protocols.

The asserted claims cover a method of amplifying DNA comprising five steps. ('023 patent, cls. 12-15). The claims do not specify the particular chemicals or other materials to be used in carrying out the claimed method. They simply set forth the steps of the method that apply regardless of what chemicals are used.

LadaTech's infringement allegation is that Illumina's protocol tells customers to perform those steps.[1] And LadaTech's expert specifically opined that, if a customer follows those steps in connection with cluster generation using Illumina products, the customer infringes. (D.I. 134, Ex. 1 at ¶ 71, *also* ¶ 70). His opinion was not based on the specific chemicals used or on the source of those chemicals, however; it was based exclusively on the steps of Illumina's protocol. (*Id.* at ¶¶ 75-111).

To prove infringement, LadaTech therefore need only offer evidence of one instance of the performance, by an Illumina customer, of the claimed method. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009) ("[j]ust as anticipation can be found by a single prior art use, a finding of infringement can rest on as little as one instance of the claimed method being performed during the pertinent time period."). That example could have been an example using Illumina chemicals. It could have been an example using third-party chemicals. That example even could have been an example where the source of the chemicals was entirely unknown.

Here, as part of a stipulation designed to avoid deposing Illumina's customers twice (now and then again regarding damages), Illumina itself provided the necessary example by stating that "one or more customers have used each of the accused products in accordance with written instructions provided by Illumina in the United States" (D.I. 75). That stipulation

---

[1] Illumina has set forth a protocol for sample preparation in connection with constructing libraries for use with Illumina's cluster generation equipment. (*See, e.g.*, D.I. 134, Ex. 3 (Bentley at 54, Fig. 1 (preparing samples) and Bentley (supp) at 1 (construction of short insert libraries), and 2 (construction of long range paired end libraries); *see also* D.I. 127, Ex. E at 6-13 (Illumina document describing its sample preparation steps).

2

establishes that at least one of Illumina's customers has followed Illumina's protocol, and it satisfied what LadaTech understood to be its burden at this point in the case.[2,3]

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> */s/ Derek Fahnestock*
> _____
> Jack B. Blumenfeld (#1014)
> Maryellen Noreika (#3208)
> Derek Fahnestock (#4705)
> Jeremy A. Tigan (#5239)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> (302) 658-9200
> jblumenfeld@mnat.com
> mnoreika@mnat.com
> dfahnestock@mnat.com
> jtigan@mnat.com
>
> *Attorneys for Plaintiff LadaTech, LLC*

January 26, 2012

---

[2] LadaTech did not lean on only the stipulation, and in fact introduced evidence of other acts of direct infringement. For example, LadaTech's expert testified that his lab carries out the "Illumina process" as suggested by the Illumina protocol, and (importantly) he did not know whether they used Illumina kits or others because that was irrelevant. (D.I. 134, Ex. 6 at 16:20-18:16, 78:18-79:15).

[3] The Federal Circuit, in an unpublished opinion, stated: "It is well settled that there can be no inducement of infringement without direct infringement by some party. Thus, our prior decision in *Chiuminatta II* necessarily found that at least one person directly infringed the '675 patent by using the Green Machine saw during the patented timeframe. However, ***although a single direct act of infringement is sufficient to satisfy the inducement of infringement analysis, a separate damages analysis must still be performed***." *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus. Inc.*, 1 Fed.Appx. 879, 882, 2001 WL 21304 at \*\*2 (Fed. Cir. 2001) (unpublished) (citations omitted and emphasis added).

## RULE 7.1.1 CERTIFICATE

I hereby certify that the parties have discussed LadaTech's Motion For Reargument of the Court's Grant of Summary Judgment of Non-Infringement Concerning the Use of "Third-Party" Sample Preparation Kits and have not been able to reach an agreement on the issue.

/s/ *Derek J. Fahnestock*
Derek J. Fahnestock (#4705)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 26, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick, Esquire<br>Tiffany Geyer Lydon, Esquire<br>Lauren E. Maguire, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Jeffrey N. Costakos, Esquire<br>Rebecca Jan Pirozzolo-Mellowes, Esquire<br>Kimberly K. Dodd, Esquire<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306 | *VIA ELECTRONIC MAIL* |

                                          */s/ Derek Fahnestock*
                                          Derek Fahnestock (#4705)

5011848