IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LADATECH, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ILLUMINA, INC. and SOLEXA, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>) Civ. No. 09-627-SLR<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this 14th day of February, 2012, having reviewed plaintiff's motion for reargument (D.I. 163) and defendants' response thereto (D.I. 165);

IT IS ORDERED that plaintiff's motion (D.I. 163) is denied, as follows:

1. **Standard on motion for reargument.** The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted).

2. A motion for reargument is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del.

1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

3. **Discussion.** The court granted defendants' motion for summary judgment of noninfringement with respect to third-party prep kits, and presumes familiarity with that discussion. (D.I. 159 at 25-28) Plaintiff argues that the court granted defendants' motion based on a misunderstanding of its infringement allegations, which are based on the use of Illumina's protocols, not any particular products. (D.I. 163) In support of its motion for reargument, plaintiff cites the declaration of its expert, Dr. Struhl, who has opined that "customers following Illumina protocols who synthesize their own oligonucleotides and use reagent kits purchased from other vendors infringe claim 12 when they follow Illumina's protocols." (D.I. 134, ex. 1 at ¶ 70)

4. The court understands plaintiff's contention. However, asserted claim 12 covers not only a method, but requires the use of particular **structures** as part of that method, for example, a "double-stranded linker." Plaintiff has failed to produce evidence that identifies the reagents actually utilized by these customers in the context of the limitations of claim 12. Therefore, the fact that Illumina has instructed at least one customer to use its protocols (per defendants' stipulation) is not sufficient evidence, per se, of infringement of claim 12. The court discerns no error of fact or law in the present record necessitating the grant of plaintiff's motion for reargument.

IT IS FURTHER ORDERED as follows:

2

5. The court construed the term "double-stranded linker" as "a linker[1] with two strands that are sufficiently hybridized to maintain the linker's double-stranded nature." (D.I. 158) Defendants seek clarification on whether they are precluded from arguing that the Illumina products do not meet this language as a matter of law, in other words, that the strands of Illumina's forked adapters are not "sufficiently hybridized" such that the adapters should be considered double-stranded.[2] (D.I. 162) Plaintiff did not move for summary judgment of infringement, and defendants are not so precluded, providing that they do not argue that the term includes other, unstated (functional or other) requirements at trial.[3] See Moba, B.V. v. Diamond Automation, Inc., 325 F.3d 1306, 1313-14 (Fed. Cir. 2003).

United States District Judge

---

[1]A "linker" was separately construed as "a short piece of DNA having a known sequence and of sufficient length to bind at least one primer." (D.I. 158)

[2]Defendants' statement that the court "assum[ed] that the claims cover the ligation of forked adapters to the DNA fragments" is a clear misreading of the relevant portion of the court's opinion, and need not be addressed further. (D.I. 159 at 23)

[3]In the court's view, the **structure** of the linker (or adapter) is independent of its **function**. The court's constructions provide the jury guidance as to both. It is insufficient to argue (as plaintiff implies) that, so long as the linker fulfills its intended purpose (i.e., is "of sufficient length to bind at least one primer"), the construction is met. (D.I. 164 at 2) Plaintiff must ultimately prove that Illumina's forked adapters are double-stranded in nature, and that they bind at least one primer.
The court understands defendants' position to be that, as per plaintiff's expert (Dr. Struhl), a forked adapter does not fit into either the single-stranded or double-stranded category; it is unique. (D.I. 159 at 21) Notwithstanding, defendants may argue that the percentage of paired bases in Illumina's forked adapters (38%, 35%, 42%, 21%, and 19% of the total bases, respectively), is not "sufficiently hybridized" such as to render the Y-shaped structures double-stranded in nature, without expanding the court's construction, as plaintiff suggests. (Id.)

3