IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LADATECH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-627-SLR ) |
| ILLUMINA, INC. and SOLEXA, INC., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of February, 2012, having reviewed the parties' submissions and heard argument at the pretrial conference regarding several outstanding issues in the case, the court finds as follows:

1. **Inducement of infringement.** The parties dispute what evidence plaintiff may use to prove that defendants induced the infringement of the '023 patent. "In order to prevail on an inducement claim, [plaintiff] must establish first that there has been direct infringement, and second that [Illumina] knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008) (citation and internal quotations omitted). That is, "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that [Illumina] had knowledge of the direct infringer's activities." *Id.* (citing *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part)).

2. Defendants may properly argue that Illumina possessed a good faith belief that its directions to customers would not cause the acts that constitute infringement.

See *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1364 (Fed. Cir. 2006). Illumina's **lack** of good faith is not an element of plaintiff's prima facie case, however, and the court will not adopt defendants' proposed jury instruction in this regard. (D.I. 151 at 6)

3. **Failed licensing attempts**. Plaintiff seeks to admit evidence regarding the parties' (ultimately unfruitful) discussions on licensing the '023 patent as evidence of Illumina's intent for purposes of establishing inducement of infringement. While plaintiff has provided caselaw supporting its argument that a failed licensing attempt is relevant circumstantial evidence of a defendant's knowledge of a patent (and, sometimes, a plaintiff's infringement contentions),[1] plaintiff does not need to prove this element at trial, as defendants have stipulated that they knew of the '023 patent for purposes of inducement of infringement. (D.I. 151 at 6)

4. Therefore, while the court disagrees with defendants that Federal Rule of Evidence 408 bars the admission of this evidence,[2] the court precludes evidence of the

---

[1] See *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377-78 (Fed. Cir. 2005) (upholding jury's finding of intent to induce infringement where the record reflected that defendant's director was aware of plaintiff's infringement contentions as he "twice sought a license from Fuji") (citing *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1379 (Fed. Cir. 2001) (reversing the district court's grant of a new trial on inducement of infringement where plaintiff established at trial, *inter alia*, that the supplied product had no substantial noninfringing use and defendant "knew of the existence of the patent because it was denied a license and received a cease-and-desist letter concerning it")).

[2] There is no indication that the parties' discussions took place while litigation was pending (such that defendants' license request(s) could be deemed an offer of settlement). See *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 n.1 (Fed. Cir. 2007) (Rule 408 "expressly relates to evidence of efforts toward compromising or attempting to compromise a claim in litigation and does not prevent [plaintiff] from relying on the licensing discussions . . . to support its claims."); *Deere &*

2

parties' failed licensing discussions under Federal Rule of Evidence 403. Willfulness and damages have been bifurcated from this case, and the danger of unfair prejudice to defendants and juror confusion that would likely result from this collateral issue outweighs the probative value of the failed licensing attempts in the context offered in view of defendants' stipulation.

5. **Use of reexamination**. The parties have stipulated that the reexamination file wrapper is admissible (D.I. 148, ex. F, ex. G), and seek clarification on the context in which the reexamination may be discussed at trial.

    a. As an initial matter, plaintiff seeks to reference Illumina's filing of the inter partes reexamination to evidence knowledge and intent as required for inducement of infringement. As described above, however, defendants' stipulation moots any such need.

    b. Plaintiff has expressed concern that defendants may argue that they had a good faith belief that the reexamination would result in the invalidation of the '023 patent. While defendants' beliefs regarding patent validity may be a relevant defense to willfulness,[3] such beliefs are not a relevant defense to inducement of infringement. Therefore, both plaintiff and defendants are precluded from referring to the reexamination in this regard.

---

Co. v. International Harvester Co., 710 F.2d 1551, 1557 (Fed. Cir. 1983) ("Rule 408, on its face, is limited to actual disputes over existing claims and, accordingly, cannot be applicable to an offer, albeit one ultimately rejected, to license an, as yet, uncontested patent.").

[3]The court recognizes that there is conflicting caselaw with respect to the relevance of reexamination to willfulness. As willfulness and damages are bifurcated, the court does not today make any determinations on the issue.

3

c. Finally, plaintiff seeks to curb defendants' arguments that the Saiki article was not considered by the examiner on reexamination. The parties do not dispute that the Saiki article is part of the reexamination record (insofar as it was listed in a declaration submitted to the PTO). However, the examiner did not comment upon Saiki, and Saiki is not listed on the face of the reexamination certificate. Because the reexamination record is not probative of whether the PTO did or did not consider Saiki on reexamination, neither plaintiff nor defendants may refer to the reexamination record in the context of discussing the Saiki article.[4]

8. In closing, it has been the court's observation that reexamination evidence is, at best, confusing vis-à-vis the complex invalidity standards the jury is asked to apply. Fed. R. Evid. 403. Therefore, the parties are required to give notice to each other (and to the court) prior to referencing the reexamination at trial.

United States District Judge

---

[4]Plaintiff's cited caselaw is not on point and does not compel a different result. In *Custom Accessories, Inc. v. Jeffrey-Allan Industries, Inc.*, 807 F.2d 955 (Fed. Cir. 1986), the Federal Circuit held that the district court erred in failing to properly apply the presumption of validity to a challenged patent, insofar that it seemingly placed the burden to prove nonanticipation on plaintiff. 807 F.3d at 961. The Federal Circuit also noted within this limited context that the district court did not give credence to the reexamination proceeding, in which the validity of asserted claims was upheld against much of the same asserted prior art. *Id.* In *E.I. du Pont de Nemours & Company v. Polariod Graphics Inaging, Inc.*, 706 F. Supp. 1135 (D. Del. 1989), the court discussed the "added burden in overcoming the deference that is due to a qualified government agency presumed to have properly done its job." 706 F. Supp. at 1141 (citing *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1364 (Fed. Cir. 1984)). The court ultimately found defendant's evidence of anticipation lacking, and entered a preliminary injunction. (*Id.*) As noted above, there is no indication that Saiki was considered on reexamination, and there is no increased burden in this regard.

4